# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| STEPHANIE A. GASH | CIVIL ACTION NO. 05-0727 |
|---|---|
| VS. | JUDGE MELANÇON |
| COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, it is recommended that the Commissioner's decision be **AFFIRMED.**

### *Background*

Born on March 19, 1950, Stephanie A. Gash ("Gash") is a 56-year-old claimant with a fifth-grade education. (Tr. 23). Gash has worked in the past as a farm worker, cannery worker, and seamstress. (Id.).

On June 12, 2003, Gash filed an application for supplemental security income, alleging disability as of April 20, 1988 due to low back pain, shortness of breath, and vision problems. Gash also contends that she is illiterate. Her application was denied initially and on reconsideration, and an administrative hearing was held on June 24, 2004. In an opinion dated November 24, 2004, the ALJ found that Gash retains the residual functional capacity to perform the full range of light work. (Tr. 27). The Appeals Council denied review, (Tr. 4-6), making the ALJ's decision the final decision of the Commissioner from which Gash now appeals.

*Assignment of Errors*

Gash raises two errors on appeal: (1) the ALJ failed to call a vocational expert to testify at her administrative hearing; and (2) the ALJ should have referred her for a mental consultative examination.

*Standard of Review*

The court's review is restricted under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards. Carey v. Apfel, 230 F.3d 131, 136 (5th Cir. 2000); Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir.1992); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Carey, 230 F.3d at 136; Anthony, 954 F.2d at 292; Carrier v. Sullivan, 944 F.2d 243, 245 (5th Cir. 1991). The court may not reweigh the evidence in the record, nor substitute its judgment for that of the Commissioner, even if the preponderance of the evidence does not support the Commissioner's conclusion. Carey, 230 F.3d at 136; Johnson v. Bowen, 864 F.2d 340, 343 (5th Cir.1988). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. Johnson, 864 F.2d at 343.

*Analysis*

In determining whether a claimant is capable of performing substantial gainful activity, the Secretary uses a five-step sequential procedure set forth in 20 C.F.R. §404.1520(b)-(f) (1992):

1. If a person is engaged in substantial gainful activity, he will not be found disabled regardless of the medical findings.

2.  A person who does not have a "severe impairment" will not be found to be disabled.

3.  A person who meets the criteria in the list of impairments in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4.  If a person can still perform his past work, he is not disabled.

5.  If a person's impairment prevents him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

In the instant case, the ALJ determined at Step 5 that Gash has severe low back pain, shortness of breath, and obesity. Utilizing the Medical-Vocational Guidelines, specifically Rule 202.16, the ALJ concluded that Gash is not disabled because she retains the residual functional capacity to perform the full range of light work. (Tr. 27). The undersigned concludes that the ALJ's decision is supported by substantial evidence.

## I. **Medical History**

In the instant case, there is scant evidence in the record of any treatment for Gash's alleged impairments. On May 7, 1998, Gash was examined by Dr. Randall E. Horton, a family practice physician, at the request of Disability Determinations Services. Dr. Horton reported that Gash's vision is "functionally adequate," although she could probably benefit from reading glasses; she had no functional motor deficits; her gait was essentially normal, though she favored her right leg slightly when she walked; her mental status was normal, although her affect was slightly flat that day; and she is overweight. (Tr. 192). Dr. Horton noted that Gash has not sought medical treatment for her musculo-skeletal complaints except for a single instance two

years prior to the examination. (Id.). He further noted that, "[w]ith proper medications, exercise and weight loss her prognosis is excellent." (Id.).

Gash was examined by Dr. Raymond F. Taylor, a general surgeon, on November 3, 1999, at the request of Disability Determinations Services. (Tr. 201). Dr. Taylor reported that Gash had never been treated for either back pain or shortness of breath. Gash told Dr. Taylor that she had been to University Medical Center in 1996 complaining of shortness of breath, but she stated that the doctors never gave her a diagnosis, and she never received any treatment for the condition. Gash also complained to Dr. Taylor about back pain she sustained from an automobile accident in 1980, but stated that she never sought medical attention for the problem until she brought it up during her visit to UMC in 1996. Gash was given some medication for her pain at that time, but she told Dr. Horton that it did not help, and she never went back for re-evaluation or treatment. Although Gash complained of swelling in her legs, she was never treated for it. (Tr. 201). Dr. Taylor diagnosed Gash with mechanical back and neck pain, obesity, and shortness of breath probably secondary to obesity. (Tr. 202). Dr. Taylor noted that Gash had never received any medical attention for her alleged pain, and that she had never taken any medication for her pain on a sustained basis, including over-the-counter medication. (Tr. 203). Dr. Taylor stated that with weight loss, Gash's prognosis was excellent, although he cautioned against work-related activities requiring balance or vigorous physical activity until she lost weight. (Tr. 203). Dr. Taylor further noted that, "other than this, I see no reason to restrict her work related activities." (Tr. 203).

Gash was examined by Dr. Joshua Willis, a general physician, on August 28, 2004. Dr. Willis reported that Gash's back pain and shortness of breath are likely a function of her

obesity. (Tr. 216). Dr. Willis further noted that there is no objective evidence to support Gash's complaints of severe back pain, and that the fact that Gash has never been under the care of any doctor or taking any medication for her pain was inconsistent with her complaints. Dr. Willis reported that Gash has the ability to hear, speak, handle objects, and sit, but that walking for long periods of time or lifting heavy objects would be difficult because of her shortness of breath. (Tr. 216). Dr. Willis also completed a "Medical Source Statement of Ability to Do Work-Related Activities," wherein he reported that Gash can occasionally lift 25 lbs.; frequently lift 50 lbs.; stand and/or walk for about 6 hours in an 8-hour workday; has no sitting limitations; has some limitations in her upper and lower extremities in the areas of pushing and pulling; can frequently balance, kneel, crouch, crawl, and stoop, and can occasionally climb; and has no manipulative, visual/communicative limitations, or environmental limitations, except that she cannot work around temperature extremes (as reported by history only). (Tr. 217-19).

On September 9, 2004, Gash's vision was examined by Dr. Kenneth C. Lafleur, an opthamologist, at the request of Disability Determinations Services. Dr. Lafleur reported that Gash's visual acuity is correctable to 20/30 far and near in her right eye, and 20/25 far and 20/30 near in her left eye. (Tr. 221). Dr. Lafleur also reported that Gash can read fine and large print; handle and work with large objects; drive an automobile; operate machinery; avoid objects in workplace pathways; and avoid people approaching from the side. (Id.). In a separate "Medical Source Statement of Ability to Do Work-Related Activities," Dr. LaFleur reported that Gash has no exertional or nonexertional limitations based on her visual acuity. (Tr. 224-27).

**II.    Vocational Expert**

Gash contends that the ALJ should have consulted a vocational expert at her administrative hearing. Gash contends that the ALJ erred in relying upon the Medical-Vocational Guidelines, because she suffers from nonexertional impairments.

When a claimant has nonexertional impairments that significantly affect her residual functional capacity, the ALJ may not rely exclusively on the Medical-Vocational Guidelines in determining whether there is other work available that the claimant can perform. Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir.1987). Nevertheless, when the claimant's nonexertional impairments do not significantly affect her residual functional capacity, the ALJ may rely exclusively on the Guidelines in determining whether there is other work available that the claimant can perform. Fraga, 810 F.2d at 1304.

Here, the records show that Gash's nonexertional impairments do not significantly affect her residual functional capacity. The record is clear that Gash's visual impairments are correctable. Dr. LaFleur confirmed this fact and further opined that Gash has no exertional or nonexertional limitations based on an eye impairment. (Tr. 221, 224-27). A medical condition that is correctable or that can reasonably be remedied either by surgery, treatment, or medication is not disabling. Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir. 1987); 20 C.F.R. §§404.1530(a), (b) and 416.930(a), (b) (1986); Knox v. Finch, 427 F.2d 919, 921 (5th Cir.1970); McCarty v. Richardson, 459 F.2d 3, 4 (5th Cir.1972) (per curiam); Stillwell v. Cohen, 411 F.2d 574, 575-76 (5th Cir.1969). Therefore, the undersigned concludes that Gash's eye impairment is not disabling and that the ALJ did not err in failing to consult a vocational expert on this issue.

The record is also clear that Gash's back pain and shortness of breath do not significantly affect her residual functional capacity. Dr. Taylor and Dr. Williams both opined that Gash's

back pain and shortness of breath cannot be objectively assessed and are likely secondary to her obesity. While both cautioned that Gash may have difficulty doing vigorous work or work that requires heavy lifting, both reported that she can do some work. (Tr. 203, 216). The ALJ considered these opinions in concluding that Gash is capable of doing light work,[1] finding that she can lift and carry only 20 lbs. occasionally; can stand and walk for 6 hours in an 8-hour workday; can only occasionally climb, and cannot work in extreme temperatures. (Tr. 25).

The ALJ's conclusion that Gash can perform a wide range of light work is supported by the opinions of her examining doctors. Dr. Willis reported that Gash can occasionally lift 25 lbs., frequently lift 50 lbs., and can stand and/or walk for about 6 hours in an 8-hour workday; has no sitting limitations; has some limitations in her upper and lower extremities in the areas of pushing and pulling; can frequently balance, kneel, crouch, crawl, and stoop, and can occasionally climb; and has no manipulative, visual/communicative limitations, or environmental limitations, except that she cannot work around temperature extremes (as reported by history only). (Tr. 217-19). Dr. Taylor saw no reason to restrict Gash's work-related activities, except to caution against work that requires balance or vigorous physical activity until she loses weight. (Tr. 203). Finally, Dr. LaFleur did not restrict Gash's work-related activities in any way because of her poor, but correctable, eyesight.

---

[1] According to the regulations, light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. *Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.* To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §404.1567 (emphasis added).

Considering the foregoing, and considering the fact that Gash has never sought evaluation or treatment for the symptoms she complains of outside of her examinations by doctors at the request of Disability Determinations Services, and the fact that Gash has never been prescribed any medication for her impairments, the undersigned concludes that the ALJ did not err in concluding that Gash's back pain and shortness of breath do not significantly affect her residual functional capacity. Therefore, it was not error for the ALJ to rely on the Medical-Vocational Guidelines in concluding that Gash is not disabled.

### III.    Mental Consultative Examination

Finally, Gash contends that the ALJ should have referred her for a mental consultative examination.

An ALJ must order a consultative evaluation when such an evaluation is necessary to enable the ALJ to make the disability determination. Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996), citing Turner v. Califano, 563 F.2d 669, 671 (5th Cir.1977). A consultative evaluation becomes "necessary" only when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment. Jones v. Bowen, 829 F.2d 524, 526 (5th Cir.1987). Isolated comments by a claimant are insufficient, without further support, to raise a suspicion of non-exertional impairment. Pierre v. Sullivan, 884 F.2d 799, 802-03 (5th Cir.1989) (holding isolated comments about claimant's low intelligence insufficient to raise suspicion that claimant was mentally retarded).

Gash's contention is completely without merit. The sole basis for this contention is a comment made by Dr. Horton, who noted that Gash had a "flat affect" during her examination on May 7, 1998. (Tr. 191). This single comment is insufficient to warrant the appointment of a

consultative examiner for the purpose of evaluating Gash's mental health, particularly given the fact that in the same report, Dr. Horton states that Gash was in no acute distress, and that her mental status was normal. (Tr. 192). Moreover, elsewhere in the report, Dr. Horton notes that Gash "reported some depression in the past, but it was not a problem at this time." (Tr. 190). There is no other support in the record supporting a contention that Gash has a mental impairment. As such, the ALJ did not err in failing to order a consultative examination for the purpose of evaluating Gash's mental health.

*Conclusion*

Considering the foregoing, it is recommended that the decision of the ALJ be **AFFIRMED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

Any judgment entered herewith will be a "final judgment" for purposes of the Equal Access to Justice Act (EAJA). See Richard v. Sullivan, 955 F.2d 354 (5th Cir. 1992) and Shalala v. Schaefer, 509 U.S. 292 (1993).

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error. See**

**Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on September 13, 2006.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)